UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILBUR-ELLIS COMPANY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN ERIKSON and J.R. SIMPLOT COMPANY,<br><br>    Defendants. | 4:23-CV-04058-LLP<br><br>MEMORANDUM OPINION AND ORDER VACATING CONTEMPT ORDERS |

Defendant Kevin Erikson ("Erikson") filed a motion to vacate this Court's August 28, 2023, Memorandum Opinion for Contempt and its September 14, 2023, Order for attorney fees. (Doc. 87.) The parties submitted briefs and a hearing was held on Monday, July 29, 2024. For the following reasons the motion will be granted.

**BACKGROUND**

Erikson entered into an Employment Agreement ("Agreement") with Plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis") on April 1, 2015. The Agreement included a covenant not to compete, a non-solicitation provision, and a confidentiality clause ("Restrictive Covenants"). The term of the Agreement was April 1, 2015 to March 31, 2019. Erikson voluntarily resigned from Wilbur-Ellis on March 20, 2023, and began work with J.R. Simplot Company ("Simplot").

On June 13, 2023, this Court granted Wilbur-Ellis's Motion for Preliminary Injunction and entered an Order Granting Preliminary Injunction. (Doc. 44). The Court interpreted the language in the Agreement to provide that the Restrictive Covenants survived termination of the Agreement and were in effect when Erikson's employment terminated on March 20, 2023. Accordingly, the Preliminary Injunction Order enjoined Erikson from violating the Restrictive Covenants.

On August 28, 2023, this Court issued a Memorandum Opinion and Order finding Erikson in civil contempt for violating provisions of this Court's June 13, 2023, Order for a Preliminary Injunction. (Doc. 72.) The Court found Erikson acted recklessly and did not intentionally or

contumaciously decide not to comply with the Preliminary Injunction. *Id.* at p. 3, n.1. On September 14, 2023, this Court directed Erikson to pay $10,000 to Wilbur-Ellis in order to compensate the company for a portion of the attorney fees incurred in seeking enforcement of the Preliminary Injunction through the contempt proceedings. (Doc. 77.)

On June 6, 2024, the Eighth Circuit reversed the Preliminary Injunction decision. (Doc. 82.) The Eighth Circuit ruled that the survival language in the Agreement did not apply to the Restrictive Covenants. Instead, the Restrictive Covenants expired with the Agreement on March 31, 2019, and were no longer enforceable when Erikson resigned from Wilbur-Ellis in early 2023. The Eighth Circuit entered a Judgment reversing and vacating the Preliminary Injunction in accordance with its opinion. (Doc. 81.) On June 27, 2024, the Eighth Circuit issued its Mandate. (Doc. 91.)

Erikson now asks the Court to vacate the two Orders related to the civil contempt proceedings. Wilbur-Ellis objects.

## DISCUSSION

A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnor violated a court order. *See Independent Fed'n of Flight Attendants v. Cooper,* 134 F.3d 917, 920 (8th Cir. 1998). In the present case, Wilbur-Ellis met its burden of proving Erikson was in civil contempt of the Preliminary Injunction. (Doc. 72.) The sanctions available to a court in response to civil contempt are "many and varied," including fines to coerce compliance with a court order. *Latrobe Steel Co. v. United Steelworkers of Am., AFL-CIO,* 545 F.2d 1336, 1344 (3d Cir. 1976). Here, the Court in its discretion chose to sanction Erikson by requiring him to compensate Wilbur-Ellis for $10,000 of the attorney fees incurred by Wilbur-Ellis in the civil contempt proceedings. (Doc. 77.)

Citing *Worden v. Searls*, Erikson argues that this Court's civil contempt orders must fall with the Eighth Circuit's reversal of the Preliminary Injunction on which the contempt was predicated. 121 U.S. 14, 25–26 (1887) (holding "right to remedial relief falls with an injunction which events prove was erroneously issued"). In *Worden*, the district court declared plaintiff's patent was valid, found the defendants liable for infringement, and issued a permanent injunction. 121 U.S. at 19. The district court also found the defendants in contempt of its preliminary

2

injunction and ordered them to pay fines for civil contempt. *Id.* The fine of $1,182 included the profits made by the defendant, as well as $500 for the plaintiff's costs and expenses incurred in the contempt proceedings. *Id.* at 25. On appeal, the Supreme Court found the patent invalid and vacated the injunction. *Id.* at 24. It also set aside the civil contempt order and resulting fines, explaining that the sanctions were "incidents of [the patentee's] claims in the suit. His right to them was, if it existed at all, founded on his right to the injunction, and that was founded on the validity of his patent." *Id.* at 25.

Recognizing that *Worden* is not directly on point, the Court finds it instructive because the Supreme Court set aside the contempt sanctions that were based on a violation of an erroneous injunction. Erikson also cites several circuit court cases more recent than *Worden* holding that civil contempt sanctions do not survive when the underlying injunction on which the sanctions are based is overturned. *See, e.g., Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 675–76 (9th Cir. 1981) (vacating a remedial civil contempt judgment because the underlying injunction was invalidated). The Court's own research revealed additional cases with similar holdings. *See, e.g., Latrobe*, 545 F.2d at 1347–48 (vacating coercive civil contempt order because "reversal of the underlying injunction indicates that the complainant never had a valid right which was enforceable against the defendant"); *McLean v. Central States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) (reversing contempt order because the underlying order was overturned on appeal).

Wilbur-Ellis does not cite any cases contradicting the general rule that a civil contempt order falls when the underlying order or injunction is overturned. Wilbur-Ellis asserts that vacating the contempt orders would reward Erikson for violating a court order, and it would eviscerate the power of the judiciary to hold contemnors accountable. (Doc. 95.) Wilbur-Ellis does not cite to any legal authority in support of its position, and it does not argue that this Court lacks the discretion to vacate its contempt orders.

In *Chambers v. NASCO, Inc.*, the Supreme Court explained that courts possess inherent powers which "necessarily result . . . from the nature of their institution . . . [and] cannot be dispensed with in a Court, because they are necessary to the exercise of all other[ ] [powers]." 501 U.S. 32, 43 (1991). Among these powers, "it is firmly established that the power to punish for contempts is inherent in all courts." *Id.* at 44 (internal quotations omitted); *Shillitani v. United*

3

*States,* 384 U.S. 364, 370 (1966) ( "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

The Court concludes that its civil contempt finding and sanctions against Erikson do not survive the Eighth Circuit's decision to vacate the Preliminary Injunction on which the contempt finding and sanctions were based. Just as it had the power to hold Erikson in contempt, it has the inherent power to vacate its contempt orders now that the Preliminary Injunction has been vacated, and to require Wilbur-Ellis to return the $10,000 to Erikson. Thus, the orders holding Erikson in contempt and for attorney fees are vacated, and Erikson is entitled to be reimbursed for the $10,000 he paid for Wilbur-Ellis's attorney fees incurred in the contempt proceedings. *See generally Middlewest Motor Freight Bureau v. United States,* 433 F.2d 212, 226–28 (8th Cir. 1970) (recognizing court's equity powers to restore party to its rightful position if an injunction was wrongfully issued). Accordingly,

**IT IS ORDERED:**

1. That Defendant Kevin Erikson's motion to vacate is granted. (Doc. 87.)
2. That the August 28, 2023 Memorandum Opinion for Contempt (Doc. 72), and the September 14, 2023, Order directing Erickson to pay Wilbur-Ellis attorney fees in the amount of $10,000 (Doc. 77), are vacated.
3. That, on or before Friday, August 16, 2024, Wilbur-Ellis shall pay $10,000 to Kevin Erikson.

Dated this 31st day of July, 2024.

BY THE COURT:

Lawrence Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK